UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE TAYLOR,

       Petitioner,

                              Case No. 2:08-CV-13418
v.                            HONORABLE PATRICK J. DUGGAN

L. C. EICHENLAUB,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION REQUESTING FINAL JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on September 1, 2009

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

**I.     INTRODUCTION**

Clarence Taylor ("Petitioner"), a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his sentence. Specifically, Petitioner alleges that his federal sentence for bank robbery expired in the 1980's while he was serving an Indiana sentence for robbery with serious injury. Petitioner claims that his federal sentence was not ordered consecutive to his state sentence and that he should receive credit for time served in state custody because his

1

federal sentence should be deemed concurrent to his state sentence. Respondent has filed an answer to the petition contending that it should be denied.

## II.   FACTS AND PROCEDURAL HISTORY

On September 6, 1977, Petitioner was arrested in Indiana on a state charge of robbery with a serious injury and a federal charge of bank robbery. He was placed in state custody. On January 5, 1978, he was released to the United States Marshals Service on a federal writ. On that same date, he pleaded guilty to bank robbery in the United States District Court for the Southern District of Indiana and was sentenced to eight years imprisonment. The judgment is silent as to the relationship between his federal sentence and any state sentence.

On May 16, 1978, Petitioner was sentenced to life imprisonment on his state robbery with a serious injury conviction. Petitioner was paroled from that sentence on May 25, 2007. The next day, however, he was sentenced on a state battery charge to a term of one year imprisonment. Petitioner was paroled from that sentence on November 21, 2007. He was then remanded into the custody of the United States Marshals Service to begin serving his federal sentence. The Bureau of Prisons ("BOP") thereafter prepared a sentencing computation for Petitioner giving him 252 days of jail credit from the date of his arrest on September 6, 1977, to the day before the imposition of his state sentence on May 15, 1978. Petitioner has a projected release date of July 11, 2012.

Petitioner filed an administrative remedy request with the BOP asserting that his eight-year federal sentence expired in the 1980's because it ran concurrently with his state

sentence and seeking release from federal custody. The BOP considered his request as one for *nunc pro tunc* designation to the Indiana Department of Corrections for service of his federal sentence pursuant to *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), and according to the factors set forth at 18 U.S.C. § 3621(b). The BOP denied Petitioner's request for *nunc pro tunc* designation based upon the nature and circumstances of his offense, his history and characteristics, and a statement from the federal sentencing court indicating that the sentencing judge was deceased and that the court would defer to the BOP's determination. Petitioner has fully exhausted his administrative remedies.

### III.   DISCUSSION

A writ of habeas corpus may be granted to a federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The United States Attorney General, through the BOP, is responsible for administering the sentences of federal prisoners. *United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992). A federal district court may consider the propriety of the BOP's sentencing computation once a prisoner has exhausted available administrative remedies. *Id.*; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Thus, a federal prisoner may be entitled to habeas relief under 28 U.S.C. § 2241 if the federal court determines that the BOP miscalculated the prisoner's sentence.

Petitioner challenges the BOP's decision to deny him *nunc pro tunc* designation to the Indiana Department of Corrections for service of his eight-year federal sentence for bank robbery. Petitioner asserts that his federal sentence expired in the 1980's while he

was serving his state sentence because his federal sentence was not and could not be ordered consecutive to his state sentence. He claims that his federal sentence ran concurrently to his state sentence and has been fully served.

As an initial matter, the Court notes that Petitioner's judgment of sentence on his federal bank robbery conviction is silent as to whether his federal sentence should be concurrent or consecutive to any future state sentence. The federal appellate courts are split on whether a district court has the authority to impose a federal sentence consecutive to an unimposed state sentence. For example, the Second, Sixth, Seventh, and Ninth Circuits have ruled that a federal district court does not have statutory authority under 18 U.S.C. § 3584 to impose a federal sentence consecutive to an unimposed future state sentence. *See United States v. Donoso*, 521 F.3d 144, 149 (2d Cir. 2008); *United States v. Quintero*, 157 F.3d 1038, 1039-41 (6th Cir. 1998); *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000); *United States v. Clayton*, 927 F.2d 491, 493 (9th Cir. 1991). The Fifth, Eighth, Tenth, and Eleventh Circuits have reached the opposite conclusion. *See United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991); *United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001); *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006); *United States v. Andrews*, 330 F.3d 1305, 1306-07 (11th Cir. 2003). The United States Supreme Court has yet to resolve the conflict. This issue, however, is not germane to the instant petition. Even assuming that a federal district court lacks the authority to order consecutive sentencing under such circumstances, that does not mean that Petitioner's federal sentence should be deemed concurrent to his state

sentence.[1]  To the contrary, federal law dictates otherwise.

Federal law provides that a federal sentence commences when a defendant is received into federal custody to serve his sentence.  *See* 18 U.S.C. § 3568 (repealed) ("The sentence of imprisonment of any person convicted of an offense [prior to November 1, 1987] shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence"); *see also* 18 U.S.C. § 3585(a) (replacing § 3568 and providing that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served").

When a federal defendant is in state custody, his federal sentence does not begin until the state authorities relinquish him to federal authorities upon satisfaction of his state sentence.  *See Ponzi v. Fessenden*, 258 U.S. 254, 260, 42 S. Ct. 309 (1922) (stating that the sovereign that first acquires custody of a defendant is entitled to custody until any sentence imposed is served); *see also United States v. Avery*, 911 F.2d 734, 1990 WL 118695, at *5 (6th Cir. Aug. 15, 1990).  Time spent in the custody of the United States Marshals pursuant to a federal writ of habeas corpus ad prosequendum from state custody does not qualify as federal custody in connection with the federal offense.  *See Huffman*

---

[1] In fact, the Sixth Circuit has ruled that a district court lacks authority to order that a defendant's federal sentence be concurrent to an unimposed state sentence.  *See Quintero*, 157 F.3d at 1039 n. 1 (citing *United States v. Means*, 124 F.3d 201, 1997 WL 584259, at *2 (6th Cir. Sept. 19, 1997); *United States v. Abro*, 116 F.3d 1480, 1997 WL 345736 (6th Cir. June 20, 1997)).

*v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000). "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998); *see also Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999); *Chambers v. Holland*, 920 F. Supp. 618, 622-23 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996); *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that a prisoner appearing in federal court pursuant to a writ ad prosequendum is merely "on loan" to federal authorities); *Pinaud v. James*, 851 F.2d 27, 30 (2d Cir. 1988) ("[C]ourts have uniformly interpreted the language of § 3568 and its predecessors as precluding the calculation of the time served on a federal sentence from any date other than that on which the defendant was delivered to federal prison officials."); *Hernandez v. United States Att'y Gen.*, 689 F.2d 915, 919 (10th Cir. 1982).

In this case, Petitioner was arrested in Indiana and was in state custody at the time he was prosecuted on his federal bank robbery charge. His federal sentence did not begin to run when he was produced for federal prosecution or when he was sentenced in federal court. Rather, his federal sentence commenced when he was taken into federal custody for service of his federal sentence on November 21, 2007. The record does not reveal any intent by the federal sentencing court to have the federal sentence commence at any time other than as provided for in 18 U.S.C. § 3568 (now §3585). Absent a clear intent to have Petitioner's sentence run concurrently with any state sentence, his federal sentence did not begin to run until the United States Marshals assumed custody over him for service of

his federal sentence.

Under certain circumstances, a federal defendant must be given sentencing credit for time spent in official detention before the date his sentence commences. *See* 18 U.S.C. § 3568 (repealed) ("The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."); *see also* 18 U.S.C. § 3585(b) (replacing § 3568 and providing that a defendant shall be given credit for any time spent in official detention prior to the date the sentence commences "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.").

Under both versions of the statute, a prisoner is not entitled to credit on his federal sentence for time spent in state custody if that time was credited toward his state sentence. *See Wilson*, 503 U.S. at 337, 112 S. Ct. at 1355-56 (noting that "Congress altered § 3568 in at least three ways when it enacted § 3585(b)" including clarifying that a defendant could not receive double credit for detention time); *McClain*, 9 F.3d at 505; *Schrader v. Perrill*, 13 F.3d 406, 1993 WL 503172, at *1 (10th Cir. Dec. 8, 1993) (citing cases and ruling that § 3568 does not permit a federal prisoner to obtain credit on a federal sentence for jail time already credited to his state sentence); *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir. 1975) (same). Petitioner received credit on his state sentences for the time he spent in state custody on his state criminal convictions. He is therefore not

entitled to credit on his federal sentence for that same period of time.[2]

Nonetheless, federal law authorizes, but does not compel, the Attorney General and the BOP to retroactively designate a state facility as the place for service of a prisoner's federal sentence. *See* 18 U.S.C. § 4082(b) (repealed and recodified at § 3621(b), but applicable to offenses committed prior to November 1, 1987) ("The Attorney General may designate as a place of confinement any available, suitable and appropriate institution or facility, whether maintained by the Federal Government or otherwise, and whether within or without the judicial district in which the person was convicted, and may at any time transfer a person from one place of confinement to another."); *see also Barden v. Keohane*, 921 F.2d 476, 481-82 (3rd Cir. 1990) (recounting both versions of the statute and stating that the current version "was not intended to change pre-existing law" regarding the BOP's authority to make a *nunc pro tunc* designation).

Federal law imposes certain criteria for the BOP to follow in determining whether to retroactively designate a state facility as the place for service of a prisoner's federal sentence. The relevant statute provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-

---

[2] The record indicates that the BOP gave Petitioner credit on his federal sentence for the time he spent in custody following his arrest until the imposition of his state sentence. That determination is not contested in this case.

8

>   (1) the resources of the facility contemplated;
>
>   (2) the nature and circumstances of the offense;
>
>   (3) the history and characteristics of the prisoner;
>
>   (4) any statement by the court that imposed the [federal] sentence-
>
>   >   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   >
>   >   (B) recommending a type of penal or correctional facility as appropriate; and
>
>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
>   . . . . The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).  Essentially, the BOP has the authority to effectuate concurrent state and federal sentencing under this provision.  *See Barden*, 921 F.2d at 483.  A federal court reviews such a determination by the BOP for an abuse of discretion.  *Id.* at 478; *see also Wallace v. Stine*, No. 08-287-GFVT, 2009 WL 2026385, at *5-6 (E.D. Ky. July 9, 2009) (finding that the BOP did not abuse its discretion in considering the statutory factors and denying *nunc pro nunc* designation); *Calhoun v. Stine*, No. 6:07-CV-182-KKC, 2008 WL 185841, at *3 (E.D. Ky. Jan. 18, 2008) (same).

In this case, the BOP acknowledged the *Barden* decision and applied the statute in reviewing Petitioner's administrative request for credit on his federal sentence for the time he spent in state custody.  The BOP considered the relevant statutory factors, including Petitioner's offense, his criminal history, and his federal sentencing court's

9

statement, and determined that a *nunc pro tunc* designation was not appropriate. Having reviewed the record, the Court finds no abuse of discretion by the BOP in reaching its decision. Habeas relief is not warranted.

## IV. CONCLUSION

Based upon the foregoing, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus. Given this determination, the Court **DENIES** as moot Petitioner's pending motion requesting final judgment.

Lastly, because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under 28 U.S.C. § 2241, *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the United States Court of Appeals for the Sixth Circuit before seeking to appeal this decision.

**IT IS SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Clarence Taylor, 08768028
Milan Federal Correctional Institution
Inmate Parcels/Mail
PO Box 1000
Milan, MI 48160

Patricia Gaedeke, Assistant U.S. Attorney